MOSS, JR., & Co. v. NEVILLE *et al.*

*Appeal from Wapello District Court— Wednesday, October 8.*

THE petition states that between the years 1863 and 1869, one Thomas Neville became individually indebted to the plaintiffs; that on the 24th day of February, 1871, plaintiffs recovered judgment, on said indebtedness, in the district court against said Neville for $789.14; that certain other parties named have recovered judgments against said Neville and James Cullen as partners, prior to plaintiffs' judgment; that about the 20th day of August, said Neville died leaving the defendants, his widow and heirs at law, surviving him. It is further alleged that said Neville was the owner of lot number 155, in the city of Ottumwa, that this was the only property owned by him subject to execution at the time of his decease. The petition asks to have the judgment revived against the widow and heirs and the sale of said lot ordered to pay it.

The defendant, Mary Neville, the widow, answers claiming to be the owner of the lot, and that none of the judgments mentioned in the petition are liens thereon, and she asks that her title thereto be quieted.

Plaintiffs reply that said lot was conveyed to defendant by her husband, Thomas Neville, in 1864, for the purpose of hindering, delaying and defrauding his creditors, etc.

The cause was tried on this issue by the first method in equity, and a decree rendered for the defendant, from which the plaintiffs appeal.

*Gaston & Emry* and *H. B. Hendershott* for the appellants — *Stiles & Burton* for the appellee.

MILLER, J. — The purpose of this action is to revive a judgment obtained by the plaintiffs against Thomas Neville in his life-time, and to subject lot 155 in the city of Ottumwa to the payment thereof. This lot the widow of Thomas Neville declaims to be the owner of in her own right. Her ownership is attacked by the plaintiffs on the ground of fraud. The evidence shows that the lot in controversy was conveyed to Thomas Neville, April 12, 1864, by Mary Myers and others, for the consideration, and that Neville conveyed the property, together with other property, to the defendant Mary Neville, June 13, 1866, which conveyance was filed for record July 29, 1871.

The only matter in controversy is in respect to the good faith of this last-named conveyance. Mrs. Neville claims, in substance, that she purchased the lot in controversy through her husband; that she furnished him the money to pay for it; that it was paid for entirely with her money; that the deed should have been made to her originally, but through mistake it was made to her husband, and that afterward, in order to correct such mistake, her husband, Thomas Neville, executed the deed of June 13, 1866, to her. She denies all intention to hinder, delay or defraud her husband's creditors, and also of having any knowledge that he so intended.

After a full examination of all the evidence, and a careful consideration of the very able arguments of counsel on both sides, we have reached the conclusion that the evidence fails to make out the plaintiff's case; that the fraud alleged has not been proven, and that the finding and judgment of the court below was right. It will therefore be

Affirmed.